THE STATE OF NEVADA; THE NEVADA TAX COMMISSION; THE COUNTY OF CLARK, a Political Subdivision of the STATE OF NEVADA; and W. W. GALLOWAY, Treasurer and Ex–Officio Tax Receiver of the County of Clark, Appellants, v. NEVADA POWER COMPANY, a Corporation, Respondent.

No. 7860

September 21, 1976                                   554 P.2d 261

*Robert List,* Attorney General, and *James D. Salo,* Deputy Attorney General, Carson City, for Appellants State of Nevada and Nevada Tax Commission.

*George E. Holt,* District Attorney, and *D. Francis Horsey,* Deputy District Attorney, Las Vegas, for Appellants County of Clark and W. W. Galloway.

*M. Gene Matteucci, Esq., V. Gray Gubler, Esq.,* and *John G. Gubler, Esq.,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent, an electric light and power utility company, brought action against appellants to recover over-assessments of property taxes by Clark County. Respondent contended that the alleged over-assessments resulted from the unauthorized intra-county apportionment, based on a wire-mile formula, of the unit valuation of its property apportioned to Clark County by the Nevada Tax Commission pursuant to NRS 361.320(2).[1] The district court held that NRS 361.320(2) did not authorize

---

[1] NRS 361.320(2) provides:

"2. Except as otherwise provided in subsections 3 and 4, the foregoing shall be assessed as follows: The Nevada tax commission shall establish and fix the valuation of the franchise, if any, and all physical property used directly in the operation of any such business of any such company in this state, as a collective unit; and if operating in more than one county, on establishing such unit valuation for the collective property, the Nevada tax commission shall then proceed to determine the total aggregate mileage operated within the state and within the several counties thereof, and apportion the same upon a mile-unit valuation basis, and *the number of miles so apportioned to any county* shall be subject to assessment in that county according to the mile-unit valuation so established by the Nevada tax commission." (Emphasis added.)

such intra-county apportionment and ruled in respondent's favor. Appellants here contend that (1) NRS 361.320(2) does authorize the valuation of respondent's property and the apportionment of that value on a mileage basis to the different counties and taxing districts therein through which respondent's wires run, and (2) such a method of apportionment is not discriminatory, unequal, or non-uniform. We agree.

1. It is undisputed that NRS 361.320(2) authorizes the Nevada Tax Commission to value respondent's property as a collective unit, determine respondent's total mileage operated within the state and counties thereof, and apportion the collective valuation to the counties upon a mile-unit valuation basis. However, respondent contends that the county is not authorized to further apportion its assigned valuation among its various taxing districts on a mileage basis. NRS 361.320(2) expressly states the contrary and instead provides: "the number of miles so apportioned to any county shall be subject to assessment in that county according to the mile-unit valuation so established by the Nevada Tax Commission."

2. Respondent's claim that the apportionment plan envisioned by NRS 361.320(2) is discriminatory, unequal, and non-uniform is without merit. Plans similar to that of NRS 361.320(2) have been warmly commended as best calculated to achieve equality, uniformity, and fairness in the valuation of a utility's property. See: Yellowstone Pipe Line Co. v. State Bd. of Equalization, 358 P.2d 55 (Mont. 1960); State v. Back, 100 N.W. 952 (Neb. 1904); Ames v. People, 56 P. 656 (Colo. 1899). Indeed, as the Supreme Court stated in State Railroad Tax Cases, 92 U.S. 575 at 608 (1875): "It may well be doubted whether any better mode of determining the value of that portion . . . *within any one county* has been devised than to ascertain the value of the whole . . . and *apportion the value within the county* by its relative length to the whole." (Emphasis added.)

Reversed.